BACKUS et al., Appellants,

v.

GIANT EAGLE, INC. et al., Appellees.

[Cite as Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 16.

Decided Oct. 31, 1996.

156

*Joseph W. Gardner*, for appellants.

*John F. Petrony*, for appellees.

JOSEPH E. O'NEILL, Presiding Judge

On February 2, 1993, the appellant parked his automobile in the parking lot in front of a Giant Eagle Grocery Store. He then traversed thirty to forty yards from his automobile to the entrance to the store. As he proceeded to walk toward the front door of the store, he tripped and fell and was injured. It was his contention that that his fall was caused by what appeared to be spider-web-

shaped cracks in the blacktop at the point where the blacktop of the parking lot met the concrete ramp leading up to the sidewalk and into the grocery store. The depth of these cracks was described as being up to one and one-half inches and the width was described as being variable between cracks, often up to three or three and one-half inches.

Eventually, the plaintiff-appellant filed a complaint naming the Giant Eagle store, Ward Associates and Edward J. DeBartolo Corporation as lessors of the shopping plaza. The three defendants jointly eventually filed a motion for summary judgment, which was sustained by the trial court, and a timely notice of appeal was filed directed to that final judgment entry.

In his first assignment of error, the appellant contends that the trial court erred in granting the summary judgment because it is a question of fact whether the "attendant circumstances" created by the defendants rendered the condition of the premises unreasonably dangerous for use by pedestrians.

■ Municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways. *Kimball v. Cincinnati* (1953), 160 Ohio St. 370, 52 O.O. 237, 116 N.E.2d 708; *Gallagher v. Toledo* (1959), 168 Ohio St. 508, 7 O.O.2d 364, 156 N.E.2d 466; *Helms v. Am. Legion, Inc.* (1966), 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734. It was developed in the aforestated cases that a difference in elevation between adjoining portions of a sidewalk or walkway that is two inches or less in height is considered insubstantial as a matter of law and, thus, does not present a jury question on the issue of negligence. However, in *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 20 O.O.3d 300, 421 N.E.2d 1275, the Supreme Court refused to retreat from the "two-inch rule," but conditioned and added to their previous decisions the requirement that in applying the two-inch rule a court should consider also all the attendant circumstances in determining liability for defects in a public walkway occasioning injuries. The appellant, by way of brief, acknowledges the two-inch rule but contends that there were attendant circumstances which should raise the deviation in the pavement involved from that of insubstantial to substantial cause of injury.

■ The plaintiff admitted in his deposition that he had shopped at the Giant Eagle Store at least three times a week. He further admitted that he knew of the deteriorated blacktop which existed at the point of his fall. Attached to the appellant's affidavit is a photograph of the area of his accident. It reflects what apparently is a blacktop parking lot which meets a very wide handicapped ramp painted yellow. It is open and appears to be very bright and very obvious.

■■ The appellant insisted before the trial court and before this court that, though he was a regular customer at the Giant Eagle Store for years and although he knew that there were cracks in the asphalt, attendant circumstances created by the defendant caused his accident. He testified, by way of deposition, that, at the time of his accident, he was reading and looking at advertisements which the defendant grocery store had attached to the front of the store and in the show windows of the store and that, by the placement of these advertisements, he was caused to not look where he was stepping. Attendant circumstances in a matter such as this are not clearly defined by any courts within the state. However, upon our review of the progeny of cases dealing with attendant circumstances, it is our conclusion that an attendant circumstance is the circumstance which contributes to a fall and a circumstance which is beyond the control of the injured party. There is a paramount duty upon a pedestrian to look where he may be walking. If he exercises the option to read advertisements rather than to look at the surface upon which he is traveling, then he abandons the duty to look. It is our conclusion that the advertisements placed in and about the defendant grocery store were not attendant circumstances which caused an insubstantial defect in the blacktop to become a substantial defect and which led to a jury question.

We are further motivated to uphold the decision of the trial court based upon the first paragraph of the syllabus in *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, wherein the Supreme Court ruled:

"An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."

When one considers the photographs which both parties placed into evidence in the summary judgment proceeding, it can only be concluded that if there was a defect in the blacktop of the parking lot involved in this case that defect should have been so obvious and apparent to the appellant that he should have reasonably been expected to discover the defect. The appellant admitted that he had traversed this area repeated times.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Gene Donofrio and Cox, JJ., concur.