Eddie Mae Hope appeals from a decision of the common pleas court granting summary judgment in favor of Kaufmann's in connection with injuries to her right wrist and left knee sustained when she tripped and fell in the parking lot as she walked to her car after purchasing a robe and some cologne on December 21, 1996 at the Kaufmann's department store in- University Heights, Ohio. She urges the court erred because genuine issues of material fact exist as to whether the condition of the parking lot itself or its condition when combined with attendant circumstances became unreasonably dangerous. After careful consideration of the facts in this case and the applicable law, we have concluded that the defect in the parking lot where Hope tripped and fell is a minor or trivial imperfection which is not unreasonably dangerous and which is commonly encountered and to be expected, and that the attendant circumstances in this case, taken together did not divert her attention, enhance the danger of the defect, or contribute to her fall, and, therefore, we affirm the judgment of the trial court.
The record before us reveals that around 5:30 p.m. on the evening of December 21, 1996, Eddie Mae Hope drove to the Kaufmann's department store located in University Heights, Ohio, in order to purchase gifts. Around 6:45 p.m., after making a purchase of a robe and a bottle of cologne, Hope exited through the north end doors of the store and, carrying her purchases in a single shopping bag along with her purse, she proceeded to walk across the parking lot toward her vehicle.
As she moved through the parking lot, her foot came in contact with a raised portion of the asphalt in the lot, and she fell, sustaining injuries to her right wrist and her left knee.
She then returned to the store and spoke with two security officers. She showed them the parking lot patch on which she fell, and they filled out a report describing the incident. Later that evening, Rusty Shultz, one of the Kaufmann's security officers, photographed the area in which she fell, and measured the raised portion of the parking lot and found it to be approximately threequarters of an inch high.
In her complaint against Kaufmann's, Hope alleged their negligence in allowing a dangerous condition in the parking lot resulted in her injuries. Kaufmann's filed a motion for summary judgment, which the court granted. Hope now appeals and presents two assignments of error for our review. They state:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN CONCLUDING THAT DEFENDANT SATISFIED ITS EVIDENTIARY BURDEN OF GRANTING SUMMARY JUDGMENT.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN CONCLUDING THAT THE PREMISES DEFECT AT ISSUE HEREIN WAS NOT ACTIONABLE AS A MATTER OF LAW.
Hope contends the court erred in granting summary judgment because she argues that Kaufmann's did not satisfy its burden to establish entitlement to judgment as a matter of law; and further, she claims that the court erred when it determined the condition of the parking lot where she fell did not constitute a substantial defect. Kaufmann's maintains the court correctly granted summary judgment because Hope established no substantial defect in the parking lot.
The issue before us, then, is whether the court erred in granting Kaufmann's motion for summary judgment.
 In this regard, we recognize that Civ.R. 56 provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Further, a party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issues of material fact concerning an essential element of an opponent's case. SeeDresher v. Burt (1996), 75 Ohio St.3d 280, 292. A defendant may satisfy this burden by showing an absence of evidence to support the non-moving party's case. Once the moving party has satisfied this burden, the non-moving party then has the burden to set forth specific facts showing there is an issue for trial. Id.
Regarding Kaufmann's claim, Hope failed to establish a substantial defect in the parking lot. We recognize that in Cashv. Cincinnati (1981), 66 Ohio St.2d 319, the court established that a variation in elevation in a sidewalk of two inches or less is trivial, and therefore not actionable. Further, in Helms v.American Legion, Inc. (1966), 5 Ohio St.2d 60, the court stated in its syllabus:
 The owners or occupiers of private premises are not insurers of the safety of pedestrians traversing those premises, and minor or trivial imperfections therein, which are not unreasonably dangerous and which are commonly encountered and to be expected, as a matter of law do not create liability on the part of such owners or occupiers toward a pedestrian who, on account of such minor imperfection, falls and is injured.
 Further, in Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, the court stated at page 157 of its opinion:
 Municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways. Kimball v. Cincinnati (1953), 160 Ohio St. 370; Gaflagher v. Toledo (1959), 168 Ohio St. 508; Helms v. Am. Legion, Inc. (1966), 5 Ohio St.2d 60.
Finally, the court stated in paragraph two of its syllabus inJeswald v. Hutt (1968), 15 Ohio St.2d 224:
 Generally, no liability exists for minor imperfections in the surface of such a parking area — those slight irregularities reasonably to be anticipated in any traveled surface.
Here, the record reflects that in support of its motion for summary judgment, Kaufmann's presented Shultz's affidavit in which he stated he measured the height of the asphalt patch on which Hope fell and found it to be less than one inch high. The photographs in the record demonstrate a relatively minor raised patch in the asphalt covered surface of the parking lot. In response, Hope contended the attendant circumstances caused the patch to be a substantial defect.
Our review of the record in this case reveals that both Shultz's measurements and the photographs demonstrate that the buckled pavement in the parking lot failed to create a triable jury issue because they depict the defect as the kind within the classification of a minor imperfection — one reasonably to be anticipated on a traveled surface. In accordance with the case authority presented, we have concluded the condition Hope encountered in Kaufmann's parking lot is a minor imperfection.
Hope next argues that the darkness in the parking lot, the shopping bag and purse she carried, the crowded condition in the parking lot, and the heavy holiday traffic constituted attendant circumstances which created an unreasonably dangerous condition and caused the minor defect to become substantial. In Backus,supra, the court stated:
 * * * an attendant circumstance is the circumstance which contributes to a fall and a circumstance which is beyond the control of the injured party. There is a paramount duty upon a pedestrian to look where he may be walking.
In McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, the court described attendant circumstances and stated at 499:
 * * * there is no precise definition of attendant circumstances, but they generally include any distraction that would come to the attention of a pedestrian in the same circumstances and reduced degree of care an ordinary person would exercise at the time. The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall.
 As the court stated in Stockhauser v. Archdiocese
off
Cincinnati (1994), 97 Ohio App.3d 29, at 33:
 To render a minor defect substantial, attendant circumstances must not only be present, but must create a greater than normal, and hence substantial, risk of injury. * * * The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. (Citations omitted.)
Hope admitted in her deposition that at the time of her fall, she carried a Kaufmanns shopping bag and her purse, that no snow covered the patch where she fell, that she did not recall the store being crowded or notice anyone else in the parking lot at the time of her fall, and that she had been walking at her regular speed and looking in the distance when she fell.
Based upon the facts presented here, we are unable to conclude that the conditions of the parking lot during the holiday shopping season diverted Hope's attention, significantly enhanced the danger of the defect, and contributed to Hope's fall. These circumstances did not contribute to her fall, nor did they render the trivial defect substantial. Accordingly, we have concluded that Hope's assignments of error are not well taken because no genuine issues of material fact exist and Kaufmann's is entitled to judgment as a matter of law.
Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON. J., and
ANNE L. KTTJRANE. J., CONCUR
____________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to Apo.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (a)