OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, granting summary judgment in favor of defendant-appellee, Valley View Associates I, LTD.
For nearly fifteen years, plaintiffs-appellants, Delores Popa and Raymond Popa, were residents of an apartment complex known as Valley View Apartments, which was operated by appellee. On October 28, 1995, appellant, Delores Popa, returned home at approximately midnight and pulled her car into a parking space in front of the entrance to her building. Appellant exited her vehicle, closed the door, took two or three steps and immediately fell to the ground. During her deposition, appellant stated that the fall was due to a raised patch of asphalt. (Popa Depo. 47-49). Appellant also stated that she had no prior knowledge of the raised patch of asphalt in the parking lot, nor did she notice the raised surface until after she fell to the ground. (Popa Depo. 49-50).
On October 27, 1997, appellants filed a complaint against appellee, alleging a claim for personal injury on behalf of Delores Popa and a claim for loss of consortium on behalf of Raymond Popa. Following discovery, including the taking of Delores Popa's deposition, appellee filed a motion for summary judgment on November 9, 1998. Appellants responded by filing a memorandum in opposition. On February 22, 1999, the trial court filed its judgment entry, granting summary judgment in favor of appellee. Specifically, the trial court stated that as a resident at appellee's apartment complex, Delores Popa should have been familiar with the property. The trial court found that the raised patch of blacktop was slight rather than substantial. The trial court also determined that appellee had no notice of the defect and that appellee's premises was maintained in a reasonably safe condition. This appeal followed.
Appellants' sole assignment of error on appeal alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR, TO THE PREJUDICE OF PLAINTIFFS, BY DETERMINING, AS A MATTER OF LAW, THAT THE CONDITION UPON WHICH PLAINTIFF FELL WAS SLIGHT, NOT UNREASONABLY DANGEROUS AND THAT DEFENDANT MET ITS DUTY UNDER THE LAW."
Appellants argue that the trial court erred by weighing the evidence and then concluding that appellant, Delores Popa, failed to protect herself from an open and obvious danger. Appellants claim that the cover of darkness and the dim lighting in the parking lot rendered Delores Popa unable to discover or protect herself from turning her ankle upon and falling over the raised patch of asphalt in appellee's parking lot. As such, appellants aver that appellee had a duty to eliminate the hazard and maintain its premises in a reasonably safe condition. Appellants claim the trial court erred in ruling that the raised patch of asphalt was an open and obvious danger, where such matter remained a genuine issue of material fact.
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a de novo
review of the record. Sethi v. Antonucci (1998),126 Ohio App.3d 382, citing Renner v. Derin Acquisition Corp.
(1996), 111 Ohio App.3d 326. Summary judgment is governed by Civ.R. 56(C), which states, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Welco Industries, Inc. v.Applied Companies (1993), 67 Ohio St.3d 344, 346; Civ.R. 56(C).
The Ohio Supreme Court in Dresher v. Burt (1996), 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court in Dresher, supra further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial.
A business owner owes invitees a duty of ordinary care to maintain the premises in a reasonably safe condition so that such invitees are not unnecessarily and unreasonably exposed to danger.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, a business owner is under no duty to protect business invitees from dangers "`which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them'."Paschal, supra at 203-204, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus.
When a claim of negligence is premised upon the alleged existence of a hazard or defect, the existence of an unreasonably dangerous defect and either actual or constructive notice, are prerequisite elements of a plaintiff's claim that a defendant failed to comply with its duty to exercise reasonable care.Heckert v. Patrick (1984), 15 Ohio St.3d 402.
This court has previously held that as a matter of law, landowners are not liable for minor defects in walkways as such defects are commonly encountered and pedestrians should expect and guard against such variations. Backus v. Giant Eagle, Inc., etal. (1996), 115 Ohio App.3d 155, 157, citing Kimball v. Cincinnati
(1953), 160 Ohio St. 370. There is a paramount duty upon a pedestrian to look where he may be walking. Backus, supra. The claimant in Backus allegedly fell as a result of an imperfection in the blacktop of a parking lot. The trial court's grant of summary judgment in favor of the defendants was affirmed by this court on appeal.
Relying upon Cash v. Cincinnati (1981), 66 Ohio St.2d 319, this court acknowledged that a variation between two surfaces which is two inches or less in height is considered to be insubstantial as a matter of law and thus, does not present a jury question on the issue of negligence. Backus, supra at 157. We further recognized that in applying the two-inch rule, a court should also consider all attendant circumstances in determining liability for defects in public walkways. Backus, supra at 157, citing Cash, supra. In Ingledue v. Village Plaza Sparkle, Inc.
(Jan. 22, 1998), Columbiana App. No. 96-CO-77, unreported, this court affirmed the trial court's grant of summary judgment in favor of the defendant, where the plaintiff alleged that she had stepped into a "dip" in a parking lot and fell. We cited toStockhauser v. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29,33, wherein the concept of attendant circumstances was addressed as follows:
 "To render a minor defect substantial, attendant circumstances must not only be present, but must create `a greater than normal, and hence substantial, risk of injury.' * * *. The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall."
In Backus, supra at 158, we concluded that "an attendant circumstance is the circumstance which contributes to a fall and a circumstance which is beyond the control of the injured party."
An examination of the record demonstrates that the trial court did not err as a matter of law when it ruled that the raised patch of asphalt upon which appellant, Delores Popa, turned her ankle and fell constituted an open and obvious danger.
Attached to appellee's motion for summary judgment was the deposition testimony of appellant, Delores Popa, various photographs of the parking lot in question and the affidavit of Joanne Polito, who was the property manager at Valley View Apartments. Ms. Polito stated that she was responsible for receiving and acting upon complaints relative to the Valley View apartment complex and she had not received any such complaints or suggestions of a hazardous condition with regards to the parking lot in which appellant fell. Thus, given the evidence presented, appellee met its initial burden pursuant to Dresher, supra.
Appellants then had to offer any evidence for which they bore the burden of production at trial and which was sufficient to create a genuine issue of material fact as to whether the defect in question was open and obvious and was substantial rather than insubstantial. Attached to appellants' memorandum in opposition to appellee's motion for summary judgment was an affidavit from appellant, Delores Popa, various photographs and an affidavit from Linda Green, who was familiar with the parking lot in question as she allegedly tripped and nearly fell in the same area as appellant at some point in time previous to the incident at issue.
We must first turn to the inquiry of whether the variation in question measured over two inches or under two inches. Appellants presented no evidence in this case as to the size, width and height of the alleged raised patch of asphalt. In fact, appellant testified during her deposition that she had no idea how high the raised portion of asphalt was. (Popa Depo. 47, 63). As such, appellants offered no evidence to refute the assertion that the surface variation in question was insubstantial. It must also be noted that as the trial court properly pointed out, there was likewise no affirmative evidence presented to indicate that appellee had notice of any defective or hazardous condition in the parking lot at issue.
Next, we must consider whether, despite the lack of evidence as to the height of the raised patch of asphalt, any attendant circumstances created a question of fact for the jury as to appellee's negligence. The record reveals that appellants were residents at appellee's apartment complex for approximately fifteen years and utilized the parking lot in question for the entire length of that time period. Appellant, Delores Popa, testified that although she was required to wear glasses when she drove, she could only recall that she was "probably" wearing her glasses on the night in question. (Popa Depo. 28-29).
Additionally, appellant testified that although it was dark and she was walking between two parked vehicles, the parking lot at issue was illuminated by lights. (Popa Depo. 23, 43, 52). Appellant stated that there were no adverse weather conditions on the night in question and that she pulled into the parking space, driving over the raised portion of asphalt, with her headlights activated. (Popa Depo. 46). Appellant further indicated that although she did not observe the raised patch of asphalt, nothing was obstructing her view and she looked straight ahead as she walked to her apartment complex without looking down. (Popa Depo. 50-52). Finally, appellant stated that she did not really trip over the raised patch of asphalt but rather, simply turned her ankle upon such area. (Popa Depo. 63).
Considering the totality of the evidence offered, the attendant circumstances in the case at bar were insufficient to present a question of fact for a jury. Accordingly, there remained no genuine issue of material fact as to whether the raised patch of asphalt constituted an open and obvious danger. The trial court properly found that appellee was entitled to summary judgment as a matter of law.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., WAITE, J., concurs.