OPINION
Plaintiffs-appellants, Vernon and Janet Hart, appeal a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Dockside Townhomes, Ltd. ("Dockside").
Appellants rent an apartment in a townhome complex owned by Dockside. The complex consists of twelve townhouse units with six on each side, facing each other, with a paved parking lot in the center. Tenants are assigned parking spaces in front of their respective units. On July 24, 1998, Vernon Hart[1] ("Hart") fell while returning to his apartment after taking trash to a dumpster in the parking lot. Hart walked out the front door of his apartment, then between his car and another car in the parking lot to the dumpster at the end of the parking lot. He was carrying a small trash can at the time. As he walked back to his apartment, he followed the same path and caught his foot on a crack in the concrete, causing him to fall and sustain injuries. In a deposition, Hart testified that he had been aware of the crack in the concrete from the time he moved into the complex five or six years earlier. The crack was located next to his assigned parking space and he saw it every time he walked that way.
On August 25, 1999, appellants filed a complaint alleging negligence on the part of appellee for the injuries Hart sustained in the trip and fall and for Janet's loss of consortium. On July 17, 2000, appellee moved for summary judgment. On October 9, 2000, the trial court granted summary judgment on the basis that the crack was an open and obvious danger. Appellants appeal from the trial court's judgment entry filed on October 20, 2000, and raise the following single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT DOCKSIDE'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT.
Summary judgment is appropriate pursuant to Civ.R. 56(C) when
 (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate shall be entered against the nonmoving party." Id. Our standard of review on summary judgment is de novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
In order to establish actionable negligence, appellants must show the existence of a duty, a breach of that duty and an injury proximately resulting from the breach. Texler v. D.O. Summers Cleaning ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680. Generally, the owner or occupier of land owes an invitee the duty of ordinary care and must maintain the land in a reasonably safe condition. Scheibel v. Lipton
(1951), 156 Ohio St. 308, 313; Carrozza v. Olympia Management, Ltd. (Sept. 2, 1997), Butler App. No. CA96-11-228, CA96-11-234, unreported, at 7-8. An owner is under no duty, however, to protect a person from known dangers or dangers which are so obvious and apparent that the person should reasonably be expected to discover them and protect himself from them. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 204;see, also, Raflo v. Lousantiville Country Club (1973), 34 Ohio St.2d 1,4. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning and allows the owner to reasonably expect others to discover the danger and take appropriate actions necessary to protect themselves. Simmers v. Bently Constr. Co. (1992), 64 Ohio St.3d 642, 644.
Appellants contend that the trial court erred by granting summary judgment because it did not consider the issue of whether there were attendant circumstances when it found the danger was open and obvious. Attendant circumstances act as an exception that allows a plaintiff to avoid the open and obvious doctrine. McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, 498. An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party. Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, 158. The phrase refers to all facts relating to the event, such as time and place, the surroundings or background of the event and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. See Cash v. Cincinnati (1981), 66 Ohio St.2d 319,324. We have previously found conditions, such as the time of day, lack of familiarity with the route taken, lighting conditions, and accumulation of ice may create attendant circumstances. Carrozza, Butler App. Nos. CA96-11-228, CA96-11-234, unreported, at 9-11.
Appellants argue that the trial court should have considered that there was a small passageway between the cars, that Hart had his hands full with the trash can, and was not focusing downward on the crack. Appellants also argue that the only other entrance to the apartment, a grassy area, was often full of dog feces, rendering that route undesirable. However, these conditions do not amount to attendant circumstances that would negate the open and obvious doctrine. Hart had been aware of the crack for five or six years and saw it every time he passed that way. He chose to travel that way to the dumpster and on his way back on the day of the accident, and had a duty to protect himself against known risks.
Considering the totality of the evidence presented, there were no attendant circumstances that would render the open and obvious doctrine inapplicable. Accordingly, no genuine issue of material fact remained as to whether the condition of the parking lot was open and obvious. Appellants' assignment of error is overruled.
Judgment affirmed.
 ___________ YOUNG, P.J.
WALSH and POWELL, JJ., concur.
[1] In this opinion, "Hart" refers to Vernon Hart individually and "appellants" refers to Vernon and Janet Hart collectively.