OPINION
{¶ 1} Plaintiffs-appellants, Leslie Sack ("Sack") and Donald Sack, appeal the decision of the Warren County Court of Common Pleas granting the summary judgment motions of defendants-appellees, Skyline Chili, Inc. and Skyline Chili (collectively "Skyline"), and defendants-appellees, Larry Crisenbery, Michael Kilburn and Pat Arnold South in their capacity as Warren County Commissioners, and the Warren County Sewer Department (collectively "Warren County") in a slip-and-fall case. We affirm the decision of the trial court.
 {¶ 2} At approximately 4:00 p.m. on August 29, 1998, Sack arrived at the Skyline restaurant located at 9841 Escort Drive in Warren County, Ohio and ate dinner with her husband, Donald Sack. After eating, Sack exited Skyline and proceeded to walk towards her car in the adjacent parking lot. Sack stepped down from the sidewalk with her right foot, and then onto a sewer lid with her left foot in the parking lot while talking to her husband. As Sack did this, she tripped and fell on the raised pavement surface surrounding the sewer lid. Sack suffered injuries to her left ankle, left knee and back.
 {¶ 3} Sack filed a premises liability claim against Skyline. She also filed a negligence claim against Warren County. Donald Sack filed a loss of consortium claim against both Skyline and Warren County. Skyline and Warren County each filed motions for summary judgment as to Sack's premises liability and negligence claims. The trial court granted these motions.
 {¶ 4} Sack appeals the trial court's decisions, raising two assignments of error.
Assignment of Error No. 1
 {¶ 5} "The trial court erred in granting defendant/appellee Skyline Chili's motion for summary judgment."
 {¶ 6} Sack contends that the raised pavement surrounding the sewer lid she slipped on was not an open and obvious danger. She also maintains that the height of the raised pavement was not insubstantial and that there were attendant circumstances surrounding her accident. She therefore asserts that questions of fact exist for a jury to determine.
 {¶ 7} This court's standard of review on summary judgment is de novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440. Pursuant to Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Welco Industries, Inc., v. Applied Companies,67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 8} The nonmoving party may not rest upon the allegations or denials in the pleadings, but must affirmatively demonstrate the existence of a genuine issue of material fact to prevent the granting of a motion for summary judgment. Civ.R. 56(C); Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Angel v. The Kroger Company, Warren App. No. CA2001-07-073,2002-Ohio-1607.
 {¶ 9} It is undisputed that Sack was a business invitee. An owner or occupier of a premises owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger.Paschal v. Rite Aid Pharmacy, Inc. (1984), 18 Ohio St.3d 203. An owner or occupier is not an insurer of the customer's safety.
 {¶ 10} An occupier of a premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that she may reasonably be expected to discover them and protect herself against them. Sidle v.Humphrey (1968), 13 Ohio St.2d 45. "The particular facts of each case must be examined to determine whether a danger is open and obvious."Wallace v. Geyer (Aug. 24, 1998), Butler App. No. CA98-04-089, citing toMiller v. Beer Barrell Saloon (May 24, 1991), Ottawa App. No. 90-OT-050.
 {¶ 11} Sack asserts that the sewer lid was not an open and obvious danger. In her deposition, Sack described the accident. She explained that she stepped off the sidewalk onto the pavement, looking down briefly to ascertain where the end of the sidewalk was located. She then continued talking to her husband after stepping off the sidewalk. She first placed her right foot on the pavement and then with her left foot stepped onto the sewer lid. She maintains that "[t]his pavement was higher than the lid, my foot caught on that, and then my heel wedged into the back." She testified that the sunken sewer lid was approximately two to three inches lower than the pavement.
 {¶ 12} Sack maintains that whether the sewer lid was an open and obvious danger is a question of fact for the jury. She relies upon Texlerv. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,1998-Ohio-602, for this contention. Open and obvious dangers can remove a premises owner's duty of care as a matter of law. Hayes v. Wendy'sInternatl., Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074.
 {¶ 13} We agree with the trial court's determination that the danger was open and obvious. Sack admitted to having been in that parking lot at least twelve times in the months prior to the incident and also that sewer lids are fairly common in parking lots. She described the lid as approximately 12 inches in diameter, "rust" or "orange-ish brown" in color and approximately one foot from the sidewalk. The photographs submitted in the summary judgment proceedings further establish the differentiation in color. They show that the sunken sewer lid was a different and lighter color than the surrounding pavement. Sack was walking on a sidewalk, a flat surface, and stepped down onto the parking lot pavement. Sack testified that she only glanced down to see the edge of the step, but did not look down when stepping down onto the pavement and instead walked forward speaking with her husband.
 {¶ 14} Under the facts and circumstances of this case, and construing the evidence in favor of Sack, we find that the sunken sewer lid was an open and obvious danger which she failed to perceive. As a matter of law, Skyline owed no duty of care to Sack.
 {¶ 15} Sack maintains that the depth of the sunken sewer lid as compared to the surrounding pavement was substantial as a matter of law. She testified in her deposition that the pavement was about two to three inches higher than the sewer lid. She cites to Kimball v. Cincinnati
(1953), 160 Ohio St. 370, for the proposition that generally height variations of less than two inches between sections on a sidewalk are insubstantial as a matter of law. She reasons that because she testified that the height difference was about two to three inches, it was not insubstantial as a matter of law and therefore a jury question is presented as to whether the difference was substantial.
 {¶ 16} Unlike a sidewalk, parking lots are not common pedestrian walkways. People normally walk through them after parking a car in order to enter a building or when leaving a building to return to their car. Usually people choose the most direct route, not necessarily utilizing the same path as a person who parked in a different area of the parking lot. Parking lots can develop depressions from freezing and thawing. SeeMiller v. McDonald's Restaurant (Feb. 19, 1991), Butler App. No. CA90-08-170. Parking lots may also contain drainage areas and sewer lids. A pedestrian may not expect the same flat surface found on a sidewalk in a parking lot. Because of the nature of parking lots, Sack's description of the depth of the sewer lid as two to three inches does not necessarily dictate that a question of fact remains for a jury as to whether or not the depression is substantial.
 {¶ 17} Kimball, the case cited by Sack, considered the height variation in a pedestrian walkway, not a parking lot. Sack fell on a sunken sewer lid located in a parking lot. She admitted in her deposition that sewer lids were fairly common in parking lots. She also admitted not looking down when she stepped off the sidewalk and onto the parking lot surface. The sewer lid, described by Sack, was "orange-ish brown." It was a different color from the pavement. This sunken sewer lid was plainly visible.
 {¶ 18} Considering all of the surrounding facts and circumstances in a light most favorable to Sack, we find the depth of the sunken sewer lid to be insubstantial. No genuine issue of material fact exists as to the depth of the sunken sewer lid.
 {¶ 19} Sack further argues that even if this court finds that the height variation is insubstantial, pursuant to Cash v. City ofCincinnati (1982), 66 Ohio St.2d 319, all attendant circumstances should be considered. She maintains that the close proximity of the sunken sewer lid to the sidewalk and the possible vehicular traffic in the parking lot increases the danger of this sunken sewer lid to pedestrians who use this parking lot and sidewalk.
 {¶ 20} An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party. Backus v. GiantEagle, Inc. (1996), 115 Ohio App.3d 155, 158. The phrase refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. Menke v.Beerman (Mar. 9, 1998), Butler App. No. CA97-09-182, citing to Cash v.Cincinnati (1981), 66 Ohio St.2d 319. However, "[b]oth circumstances contributing to and those reducing the risk of the defect must be considered." Stockhauser v. Archdiocese of Cincinnati (1994),97 Ohio App.3d 29, 33 and 34.
 {¶ 21} Sack had been to this restaurant on at least twelve prior occasions. She admitted in her deposition that it was fairly common for sewer lids to be located in parking lots. This sunken sewer lid was a different color from the pavement. She was talking to her husband and not paying attention when she stepped down from the sidewalk and then onto the sunken sewer lid. Sack did not testify that at the time of the accident there was vehicular traffic in the area or anything else that distracted her from looking where she was walking.
 {¶ 22} Considering the totality of the evidence presented, and construing the evidence in favor of Sack, Sack presented no attendant circumstances that would increase the danger of the sunken sewer lid. No genuine issue of material fact exists for a jury determination. We overrule Sack's first assignment of error.
Assignment of Error No. 2
 {¶ 23} "The trial court erred in granting defendants/appellees County Commissioners and the Warren County Water and Sewer Department's motion for summary judgment."
 {¶ 24} Sack maintains that Warren County owed her a duty of care. To avoid summary judgment in a negligence action, "a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom." Texler, 81 Ohio St.3d at 680.
 {¶ 25} Warren County maintains that it has no duty to maintain, care or warn in regards to the sunken sewer lid. Sack maintains that in its response to Warren County's admissions, Skyline did not deny that Warren County was also responsible for the sewer lid. As rebuttal, Warren County presented the affidavit of the county's sanitary engineer, Richard Renneker, who stated that Warren County is not responsible for that sewer lid or sewer line. He further testified that Warren County did not construct the "sewer lateral line or utility lid." He noted that Warren County does not have an easement for the sewer line or the Skyline parking lot. He stated that Warren County never entered into a maintenance agreement with Skyline or was notified of any dangerous conditions that existed.
 {¶ 26} Warren County also presented the Site Utilities Plan for Skyline that stated that Skyline must construct the sewer line, which according to Renneker's deposition, includes the sewer lid. Sack testified in her deposition after being asked whether a private sewer sanitary lateral should be the responsibility of the owner of the building, "that sounds like that would be the responsibility of the owner of the building."
 {¶ 27} Sack has not presented any evidence that shows Warren County owed a duty to her with regards to the sunken sewer lid. No genuine issue of material fact exists. See Mitseff v. Wheeler,38 Ohio St.3d at 115. As we found earlier, the potential danger of the sunken sewer lid was open and obvious. Therefore, even if Warren County was responsible for the sewer lid, Sack could not maintain a negligence action against it.
 {¶ 28} We concur with the trial court's determination that there is no genuine issue as to any material fact. We overrule Sack's second assignment of error.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.