[Cite as *Pullella v. 405 Madison Ltd.*, 2016-Ohio-3372.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Danielle Pullella, et al.                     Court of Appeals No. L-15-1225

    Appellants                          Trial Court No. CI0201403077

v.

405 Madison Limited, et al.          **DECISION AND JUDGMENT**

    Appellees                            Decided:  June 10, 2016

* * * * *

Jonathan M. Ashton, for appellants.

Philip S. Heebsh, for appellee.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1}  Appellant, Danielle Pullella, appeals the judgment of the Lucas County Court of Common Pleas, granting summary judgment to appellee, 405 Madison Limited. For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2}   Appellant, Danielle Pullella ("Pullella"), was working as a paralegal for attorney Jude Aubry during all relevant portions of this appeal.  Mr. Aubry's office was located on the 10th floor of a building located at 405 Madison Ave.  This building is owned and maintained by 405 Madison Limited ("Madison").  On July 10, 2012, Pullella was asked to retrieve a client file for Mr. Aubry from the 24th floor of the building.  There are two ways to get to the 24th floor of the building: 1) take the passenger elevator to the 23rd floor, and then ascend two flights of stairs to the 24th floor, or 2) take the freight elevator to the 24th floor.  Pullella chose to take the passenger elevator and then ascend the stairs.   Pullella successfully ascended the two flights of stairs, retrieved a 3-inch file folder and began descending down the same stairs.  After successfully descending the first flight of stairs, Pullella stated that her foot slipped on a step in the second flight, causing her to fall.  There were no foreign substances on the stairs that contributed to her fall, and the record reflects that the lighting in the stairwell was sufficient.  As a result of the fall, Pullella suffered serious injuries.

{¶ 3}   Pullella filed a claim on July 8, 2014, alleging negligence against Madison, for failing to exercise ordinary care in ensuring that the stairs were maintained in a safe condition for use.  After filing its answer on July 31, 2014, Madison moved for summary judgment on January 23, 2015.  Madison contended that the marble stairs to the storage area were an open and obvious danger, and, as such, Pullella could not establish that she was owed a duty of care.

2.

**{¶ 4}** Pullella argued that the open and obvious doctrine did not apply for two reasons: 1) there were attendant circumstances which created a genuine issue of material fact, and 2) questions of fact existed surrounding whether or not Pullella had taken appropriate measures to protect herself from the hazard.

**{¶ 5}** Both parties briefed the issues surrounding the motion for summary judgment and oral arguments were heard by the trial court. On August 11, 2015, the court issued its opinion and order, granting Madison's motion for summary judgment, and dismissing Pullella's claim. The court reasoned that the stairs were an open and obvious danger. Accordingly, Madison did not owe Pullella a duty of care. It is from this order that Pullella has filed her timely appeal.

### B. Assignment of Error

**{¶ 6}** On appeal, Pullella provides a sole assignment of error for our review:

I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE 405 MADISON LIMITED.

### II. Analysis

**{¶ 7}** On appeal, Pullella argues that the trial court improperly applied the open and obvious doctrine in this case in granting summary judgment. An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. *Grafton v. Ohio Edison Co*. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Applying Civ.R. 56(C), summary judgment is appropriate

3.

where (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and viewing the evidence in the light most favorable to the non-moving party, that conclusion is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 8} It is undisputed that as a paralegal working at 405 Madison, Pullella was an invitee. A property owner must exercise ordinary care and protect the invitee by maintaining the premises in a safe condition. *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). However, an owner or occupier of property has no duty to warn invitees of open and obvious dangers on the property. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus; *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). This is so, because an invitee is expected to discover such perils and take appropriate safeguards. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶ 9} Pullella's assertion that the open and obvious doctrine does not apply to this case is twofold. First, she argues that attendant circumstances created a genuine issue of material fact as to whether the danger was open and obvious, which would prevent application of the open and obvious doctrine. This argument is not persuasive.

{¶ 10} Pullella argues that the fact that she was carrying a three-inch file folder at the time of her fall was an attendant circumstance. An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party. *Backus v. Giant*

4.

*Eagle, Inc.*, 115 Ohio App.3d 155, 158, 684 N.E.2d 1273 (7th Dist.1996). The phrase refers to all circumstances surrounding the event, such as time and place, the environment or background of the event, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. *Cash v. Cincinnati*, 66 Ohio St.2d 319, 324, 421 N.E.2d 1275 (1981). Attendant circumstances do not include the customer's activity at the moment of the fall, unless the customer's attention was diverted by an unusual circumstance of the property owner's making. *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498 (1996).

{¶ 11} Madison argues that carrying a file folder at the time of the fall cannot be considered an attendant circumstance because it is a condition created by Pullella's own conduct. Pullella counters by arguing that the attendant circumstance was created when Madison moved the file storage area to the 24th floor, necessitating the use of the marble stairs. We agree with Madison.

{¶ 12} We would note that the storage area was moved several months before the fall occurred, and Pullella had traversed the steps several times in the months leading up to her fall. There is no evidence to suggest that placing a file storage area on the 24th floor of an office building creates an "unusual circumstance" as required by *McGuire*. As such, carrying a 3-inch file folder in both hands relates solely to the activity of Pullella at the time of the fall and thus, cannot be considered an attendant circumstance.

{¶ 13} Pullella's second assertion is that in order to apply the open and obvious doctrine, a court must decide whether Pullella took appropriate measures to protect

5.

herself from the hazard.  Pullella insists that the Ohio Supreme Court, in *Simmers v. Bentley Constr. Co.* adopts a two part test concerning the applicability of the open and obvious doctrine.  This is a misinterpretation of the law.  In discussing the application of the open and obvious doctrine, the Ohio Supreme Court has stated:

> We continue to adhere to the open-and-obvious doctrine today. In reaching this conclusion, we reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff. *Armstrong v. Best Buy Co., Inc*., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 13.

{¶ 14} Simply stated, courts must look to the dangerous condition itself, regardless of the injured party's actions, to determine whether the property owner owed a duty of care to the injured party.  In the present case, the court properly determined that the marble staircase, with a lack of slip resistant pads, was an open and obvious danger.  As such, the court correctly applied the open and obvious doctrine.  As previously discussed, no attendant circumstances were present, thereby alleviating the application of the open

6.

and obvious doctrine.  Because Pullella cannot establish the threshold issue of duty, her claim must fail as a matter of law.  *Id.*  Consequently, the court properly granted summary judgment in favor of Madison.  Pullella's assignment of error is not well-taken.

## III.  Conclusion

{¶ 15} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed.  Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　 JUDGE
Stephen A. Yarbrough, J.

　　　　　　　　　　　　　　　　　　 _____
James D. Jensen, P.J.　　　　　　　　 JUDGE
CONCUR.

　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.