[Cite as *Caldwell v. Marc's Deeper Discount Drug Stores, AKA Marc Glassman, Inc.*, 2018-Ohio-3483.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LAURA CALDWELL, ET AL. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018CA00011 |
| MARC'S DEEPER DISCOUNT DRUG<br>STORES, AKA MARC GLASSMAN<br>INC. | O P I N I O N |
|     Defendant-Appellee | |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas Court, Case No.
2017CV00737

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 27, 2018

APPEARANCES:

For Plaintiffs-Appellants            For Defendant-Appellee

CHRISTOPHER L. PARKER            JACK COOPER
MARC N. CHENOWITH            Day Ketterer Ltd.
RODERICK LINTON BELFANCE, LLP      200 Market Ave, North - Suite 300
50 S. Main Street, 10th Floor          Canton, Ohio 44702
Akron, Ohio 44308-1828

For Plaintiff- Appellants

JOHN SCAVELLI
City of Stow Law Department
3804 Fulton Drive NW
Canton, Oh 44718

*Hoffman, J.*

{¶1} Plaintiffs-appellants Laura Caldwell, et al. appeal the January 4, 2018 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Marc's Deeper Discount Drug Stores aka Marc Glassman, Inc. ("Marc's").

STATEMENT OF THE FACTS AND CASE

{¶2} On the afternoon of April 4, 2014, Appellant Laura Caldwell ("Caldwell") visited Marc's West Tuscarawas Street, Canton, Ohio location, to purchase Easter supplies. The following events were captured via Marc's surveillance camera:

| TIME | EVENT |
|---|---|
| 15:57:15 | Caldwell approaches the checkout line. |
| 15:58:23 | The cashier places Caldwell's purchases into two bags, except for a boxed flag which is not bagged. |
| 15:58:30 | Caldwell pays the cashier for her purchases. |
| 15:59:00 | Caldwell places her purchases into a standard 4-wheel shopping cart. |
| 15:59:25 | Caldwell pushes the cart away from the checkout line, veering left as she does so, which provides a view of the floor mat. |
| 15:59:30 | Caldwell stops the cart on the floor mat and removes her purchases. |
| 15:59:40 | Caldwell takes four steps forward, walking over the floor mat, and returns the shopping cart. |

15:59:45        Caldwell turns toward the floor mat to exit the store.

15:59:46        As Caldwell takes two steps in the direction of the floor

mat, her right foot comes to rest partially on the mat.  Caldwell is looking

straight ahead.

15:59:48        Caldwell takes another step and her left foot catches

on a buckle in the floor mat, causing her to trip and ultimately fall.

**{¶3}** As a result of the fall, Caldwell suffered injuries to her ribs, shoulders, and head.  On April 5, 2017, Caldwell and her husband, Appellant Wes Caldwell, filed a complaint against Marc's, asserting claims of negligence and loss of consortium.[1]  Marc's filed an answer which included a number of affirmative defenses.  Marc's conducted Caldwell's deposition on August 1, 2016.[2]

**{¶4}** On November 13, 2017, Marc's moved for summary judgment, arguing it owed no duty to Caldwell because the alleged hazard was open and obvious, and there were no attendant circumstances to negate the application of the open and obvious doctrine.  Appellants filed a response in opposition, countering material issues of fact exist as to whether the buckle in the floor mat was open and obvious and whether attendant circumstances existed which enhanced the danger and contributed to Caldwell's injury.

**{¶5}** Via Judgment Entry filed January 4, 2018, the trial court granted judgment in favor of Marc's.  The trial court found the floor mat was an open and obvious condition

---

[1] This case was previously filed and voluntarily dismissed without prejudice under Stark County Common Pleas No. 2016-CV-00715.

[2] Caldwell's deposition was conducted while the original case was opened.

about which Marc's had no duty to warn or protect Caldwell. The trial court further found there were no attendant circumstances sufficient to overcome the application of the open and obvious doctrine.

{¶6} It is from this judgment entry Appellants appeal, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BY FINDING THAT THE RUG WAS AN OPEN AND OBVIOUS HAZARD.

II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BY FINDING THAT THERE WERE NO ATTENDANT CIRCUMSTANCES THAT OVERCAME THE APPLICATION OF THE OPEN AND OBVIOUS DOCTRINE.

STANDARD OF REVIEW

{¶7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶8} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the

evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶9}     It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1987). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed

in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

I, II.

**{¶10}** In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. Jeffers v. Olexo, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

**{¶11}** In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Gladon v. Greater Cleveland Regional Transit Auth.,* 75 Ohio St.3d 312, 315, 1996–Ohio–137, 662 N.E.2d 287; *Shump v. First Continental–Robinwood Assocs.,* 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. *Shump, supra; Boydston v. Norfolk S. Corp.,* 73 Ohio App.3d 727, 733, 598 N.E.2d 171, 175 (4th Dist.1991).

**{¶12}** The parties do not dispute Caldwell was a business invitee on April 4, 2014, when she entered the Marc's Store in Canton, Ohio. An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Broka v. Cornell's IGA Foodliner Inc.,* 5th Dist. No. 12CA100, 2013–Ohio–2506, ¶ 20 citing *Gladon, supra* at 315.

**{¶13}** The business owner is not an insurer of the customer's safety, but the business owner does owe the business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. However, a

business owner owes no duty to protect an invitee from dangers that are known to the invitee or are so obvious and apparent to the invitee he or she may be reasonably expected to discover them and protect him or her against them. *Sidle v. Humphrey,* 13 Ohio St.2d 45, 48, 233 N.E.2d 589 (1968). In other words, a premises owner owes no duty to persons entering the premises regarding dangers which are open and obvious. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, paragraph 5 of the syllabus (Citation omitted.) The rationale of the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Simmers v. Bentley Constr. Co.,* 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶14} During her deposition, Caldwell testified:

Q.    And do you remember walking across the rug before you tripped?

A.    No.

Q.    Do you remember whether there was anything wrong with the rug?

A.    No.

Q.    Do you remember whether you walked across the rug coming into the store?

A.    No.

Q.     Do you remember the color of the floor that was under the rug?

A.     No.

Q.     Was the rug something you could have seen had you looked down?

A.     I would imagine so.

Q.     And you've been in stores before that have rugs on the floor or mats, correct?

A.     Correct.

Q.     It's not unusual for a mat to be on the floor, correct?

A.     Correct.

Deposition of Laura Caldwell at 23-24.


{¶15} As she viewed the surveillance video, Caldwell testified as follows:


Q.     The rug is very easy to see in contrast to the floor, right?

A.     Oh, yes.

Q.     What color would you describe that floor to be?

A.     Tan.

Q.     Okay. It's a light color would you agree?

A.     Yes.

Q.      Okay.  I'm going to start the tape back, the video back up, and here you are – okay.  Now, here, if you would have looked down there you could have seen the rug, would you agree with that?

A.      Yes.

Q.      Okay.  And this is almost before you get to it, am I right?

A.      Yes.

***

Q.      And it appears – well, can you tell me what it looks like happened, what made you fall?

A.      Looks like my foot got caught under the rug.

Q.      * * * I want to ask you as you're leaving whether the rug is visible to you as you leave the checkout aisle, whether it is visible to you where you were standing there* * *? * * * Certainly the rug is visible to you from there, would you agree with that?

A.      Yes, but I'm not looking down.

Q.      * * * Had you been looking at the rug you could have seen it from there, correct?

A.      Yes.

Q.      Okay. And here had you looked down, * * * while you're on the rug, you could have seen that there was a rug there had you looked down, correct?

A.      Correct.

* * *

Q.      * * * Do you recall whether there was anything defective or wrong with the rug or whether it was out of place?

A.      No.  I never even paid attention to it.

Q.      All right.  As we look here, do you see anything wrong with the rug?

A.      There's that hump.

Q.      Okay.  Do you think that's where you fell?

A.      Yes.

Q.      And that hump is clearly visible from this camera angle, is it not?

A.      Correct.

Q.      And clearly visible, had you looked down you would have been able to see that hump, correct?

A.      Correct.

*Id.* at 35-37, 37-38.

{¶16}  By her own testimony, Caldwell established the buckle in the floor mat was readily observable if she had looked. The issue is not whether Marc's could have taken additional precautions to warn of the buckle in the floor mat, but whether a reasonable person under the circumstances would have observed the condition. See, e.g., *Knight v. Hartville Hardware, Inc.,* Stark App. No.2015CA00121, 2016–Ohio–1074. Under these circumstances, we agree with the trial court's finding reasonable minds could only conclude the buckle in the floor mat was open and obvious.

**{¶17}** Nonetheless, attendant circumstances can create an exception to the open and obvious doctrine and render summary judgment inappropriate. *Johnson v. Regal Cinemas, Inc.,* 8th Dist. Cuyahoga No. 93775, 2010–Ohio–1761, 2010 WL 1611010, ¶ 23. An "attendant circumstance" is "any significant distraction that would divert the attention of a reasonable person in the same situation and thereby reduce the amount of care an ordinary person would exercise to avoid an otherwise open and obvious hazard." *Haller v. Meijer, Inc.,* 10th Dist. Franklin No. 11AP–290, 2012–Ohio–670, ¶ 10.

**{¶18}** For this exception to apply, "[a]n attendant circumstance must divert the attention of the injured party, significantly enhance the danger of the defect, and contribute to the injury." *Forste v. Oakview Constr., Inc.,* 12th Dist. Warren No. CA2009–05–054, 2009–Ohio–5516, 2009 WL 3350450, ¶ 22; *Isaacs v. Meijer,* Inc., 12th Dist. Clermont No. CA2005–10–098, 2006–Ohio–1439, 2006 WL 766692, ¶ 16. Attendant circumstances may include such things as the time of day, lack of familiarity with the route taken, and lighting conditions. *Hart v. Dockside Townhomes, Ltd.,* 12th Dist. Butler No. CA2000–11–222, 2001 WL 649763, *2 (June 11, 2001). Further, an attendant circumstance is a circumstance which contributes to the fall and is beyond the control of the injured party. *Backus v. Giant Eagle, Inc.* (1996), 115 Ohio App.3d 155, 158, 684 N.E.2d 1273.

**{¶19}** In their response to Marc's motion for summary judgment, Appellants argued the design of the foyer at the West Tuscarawas Street store distracted Caldwell from observing the buckle in the floor mat as she was trying to navigate around the area. In their Brief to this Court, Appellants claim the shopping cart Caldwell was pushing and the packages she was carrying obstructed her view of the buckle in the floor mat.

Appellants did not raise the issue of the shopping cart and packages as an attendant circumstance in their response to Marc's motion for summary judgment and, conversely, do not claim error in the trial court's finding the design of the foyer was not an attendant circumstance in their brief to this Court.

**{¶20}** This Court's "role on appeal is to review the trial court's decision and determine whether it is supported by the record." *Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2007-Ohio-5411, 2007 WL 2935879, ¶ 21. Accordingly, "[b]ecause this Court acts as a reviewing court, it should not consider for the first time on appeal issues that the trial court did not decide." *Id.* "This applies regardless of the fact that this Court's review of an award of summary judgment is de novo." *Montville Lakes Cluster Homeowners Assoc. Phase One v. Montville Lakes Homeowners Assoc.*, 9th Dist. Medina No. 16CA0082-M, 2017-Ohio-7920, 2017 WL 4334343, ¶ 17. Accordingly, we will not address whether the shopping cart and packages were an attendant circumstance. Furthermore, because Appellants did not assign as error the trial court's finding the design of the foyer was not an attendant circumstance, we need not review the finding.

**{¶21}** Based upon the foregoing, we find the trial court did not err in failing to find attendant circumstances existed to remove this case from application of the open and obvious doctrine.

**{¶22}** Appellants' first and second assignments of error are overruled.

{¶23}  The judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Wise, Earle, J. concur