OPINION
{¶ 1} Plaintiff-appellant Charles Larrick appeals from a summary judgment rendered in favor of defendants-appellees Woodlane Plaza Associates, LLC (Woodlane) *Page 2 
and J.B.T., Ltd., d/b/a Smokin' a BBQ Joint (Smokin') on Larrick's claim for damages stemming from personal injuries proximately caused by his slip and fall on ice.
 {¶ 2} The trial court rendered summary judgment upon its finding that Woodlane and Smokin' could not be liable for Larrick's injuries because the hazardous condition from which the risk of those injuries arose was open and obvious and because the fall was caused by a natural accumulation of ice. The trial court further found that the wheelchair-accessible ramp on which Larrick fell did not constitute a dangerous condition.
 {¶ 3} We conclude that the trial court could reasonably find that Larrick failed to demonstrate the existence of a genuine issue of material fact with regard to his claim that the ice on which he fell was not a natural accumulation or open and obvious. We further find that Larrick failed to demonstrate the existence of any cause, other than the ice, for his fall. Accordingly, we conclude that the trial court did not err by rendering summary judgment against Larrick. The judgment of the trial court is Affirmed.
 I {¶ 4} One January day in 2005, Larrick went to Smokin', a barbeque restaurant in order to order food for take-out. Upon arriving at the restaurant, Larrick and his girlfriend ascended stairs and entered. After receiving their food order, Larrick and his girlfriend left the restaurant and proceeded back to their vehicle. Larrick, who was in front of his girlfriend, proceeded to descend from the restaurant to the parking lot via a wheelchair-accessible ramp. Larrick was not disabled or mobility-impaired. When he was approximately halfway down the ramp, Larrick slid on a patch of ice and fell to the bottom of the ramp. As a result of the fall, Larrick broke his leg in several places.
 {¶ 5} Larrick brought this action suit against Smokin' and against the lessor of the *Page 3 
premises, Woodlane. Both Woodlane and Smokin' filed motions for summary judgment, contending that the fall was due to a natural accumulation of ice for which they were not liable. The trial court concluded that the ice was an open and obvious danger and was the result of natural accumulation. The trial court concluded, also, that Larrick failed to prove any reason for his fall and resulting injuries for which the defendants were liable. The trial court rendered summary judgment against Larrick. From the summary judgment rendered against him, Larrick appeals.
 II {¶ 6} Larrick's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO FIND A GENUINE ISSUE OF MATERIAL FACT REGARDING THE EXISTENCE OF AN UNREASONABLY DANGEROUS CONDITION DUE TO THE UNSAFE CHARACTERISTICS OF THE RAMP ITSELF, INCLUDING THE LACK OF A PROPER HANDRAIL AND OVERLY STEEP SLOPE."
 {¶ 8} Larrick contends that the trial court erred by rendering summary judgment against him. In support, he claims that genuine issues of material fact remain with regard to whether the ice on the ramp was open and obvious and whether the defects in the ramp were proximately related to his fall.
 {¶ 9} "Pursuant to Civil Rule 56(C), summary judgment is proper if: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the *Page 4 
party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Wilcox v. Paygro Co., Inc., Clark App. No. 2006 CA 10, 2007-Ohio-315, ¶ 19. "To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. "The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve." Id.
 {¶ 10} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. Smokin' and Woodlane owed Larrick, a business invitee, a duty of ordinary care to maintain the premises in a reasonably safe condition so as to not unnecessarily and unreasonably expose him to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. A business owner is liable to an invitee for injuries caused by latent defects when the owner knows, or in the exercise of ordinary care should know, about the hazard with sufficient time to correct the defect. Presley v. Norwood (1973), 36 Ohio St.2d 29, 31.
 {¶ 11} But if a danger is open and obvious, a property owner owes no duty of care to individuals lawfully on the premises. Armstrong v. BestBuy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 14. To be open and obvious, a hazard must not be concealed and must be discoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49,50-51. The relevant issue is not whether an individual observes the condition, but whether the condition is capable of being observed.Lydic v. Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. Further, in Ohio, there is no duty owed to an *Page 5 
invitee to remove natural accumulations of ice and snow.Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 206-207.
 {¶ 12} At the trial court level, Larrick argued that the ice on the ramp was not a natural accumulation. The only evidence regarding this claim was presented by Larrick's expert, who testified that there was a water spout on the building that was positioned so as to permit water, during a rain, to flow across the ramp. While we conclude that ice formed due to a man-made diversion of water does not constitute a natural accumulation, we cannot conclude that the ice in this case was the result of any diversion. Larrick's expert did not attribute to the water spout the ice that caused Larrick's fall. He did not testify that there was any evidence to indicate that any water was diverted onto the ramp. In fact, he did not claim that the ice was anything other than a natural accumulation. Furthermore, according to Larrick, it had snowed four to five inches within a few days prior to the accident and there was still some snow in the parking lot. The temperature at the time of the accident was cold enough that Larrick was "sure" that he was aware that there could be ice "somewhere." Given this evidence, we agree with the trial court that Larrick failed to create a genuine issue of material fact with regard to whether the ice was an unnatural accumulation.
 {¶ 13} Larrick also argued that the ice was not open and obvious, because he did not see it until after the fall. But the issue is not whether Larrick saw the ice, but whether it was visible. There is no evidence in the record to indicate that the ice was not visible from the top of the ramp. The testimony merely indicates that Larrick did not observe the ice from the top of the ramp until after he looked back following his fall. Again, Larrick testified that he was aware that ice could be a hazard given the weather conditions. Thus, we *Page 6 
conclude that he did not demonstrate a genuine issue of fact with regard to whether the ice on the ramp was open and obvious.
 {¶ 14} Finally, Larrick contends that the trial court erred by failing to recognize that injuries can have more than one proximate cause. Specifically, he argues that given the fact that the ramp had too steep a slope and that it was missing part of its handrail creates a genuine issue of material fact with regard to the cause of his fall. He citesBetts v. Windland (November 4, 1991), Washington App. No. 90CA39, for the proposition that defects, such as missing handrails, "may raise a genuine issue of fact as to whether premises owners are, at least partially, negligent." Id.
 {¶ 15} We recognize that accidents may have more than one proximate cause. Indeed, in Betts, the Fourth District Court of Appeals noted that the lack of a handrail was a possible contributing factor to the plaintiffs injuries in that case. Id. However, there was also evidence in that case, in the form of expert testimony, to indicate that the lack of a handrail played a part in the plaintiff's fall. Id. In this case, neither Larrick nor his expert testified that the lack of a handrail or the slope of the ramp played a causal role in his fall. Thus, any resolution of that claim would necessarily rely upon speculation and conjecture, which is not sufficient to create a genuine issue of material fact whether the absent handrail or the slope of the ramp proximately caused Larrick's injuries.
 {¶ 16} Based on these facts, Larrick failed to create a genuine issue of material fact whether the slope of the ramp or the absence of the handrail caused his fall or contributed to the severity of his injuries.
 {¶ 17} Larrick's sole assignment of error is overruled.
 III *Page 7 {¶ 18} Larrick's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1