[Cite as *Long v. Speedway, L.L.C.*, 2016-Ohio-3358.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ANDREA M. LONG | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   26851 |
| | : | |
| v. | : | T.C. NO. 14CV1045 |
| | : | |
| SPEEDWAY, LLC | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____10th____ day of ____June____, 2016.

. . . . . . . . . . .

SEAN BRINKMAN, Atty. Reg. No. 0088253 and AARON G. DURDEN, Atty. Reg. No.
0039862, 10 W. Monument Avenue, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellant

BRIAN J. AUGUSTINE, Atty. Reg. No. 0084818, 250 E. Fifth Street, Suite 310, Cincinnati,
Ohio 45202
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1}  Andrea Long appeals from a judgment of the Montgomery County Court of

Common Pleas, which granted summary judgment in favor of Speedway, LLC, on Long's

claim for personal injuries.   For the following reasons, the judgment of the trial court will

be affirmed.

## I. Facts and Procedural History

{¶ 2} On December 5, 2013, Long "twisted" her knee when she stepped into a shallow "depression or hole" in the parking lot at Speedway, while walking from the gasoline pumps toward the store. She filed a complaint against Speedway on February 22, 2014, seeking compensation for her injury. Speedway answered, and the parties engaged in discovery. On January 13, 2015, Speedway filed a motion for summary judgment, which was overruled by the trial court on March 12, 2015. Additional discovery was conducted as the parties prepared for trial, which was set for the week of October 5, 2015. On July 2, 2015, Speedway renewed its motion for summary judgment. The trial court granted the renewed motion for summary judgment on September 8, 2015.

{¶ 3} Long appeals, raising one assignment of error which challenges the trial court's conclusion that summary judgment was appropriate in this case.

## II. Summary Judgment Standard

{¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary

judgment. *Dresher v. Burt,* 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 5} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 6} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness,* 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond,* 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

### III.    An Owner's Liability for Imperfections in Pavement

{¶ 7} In order to prevail on a negligence claim, "one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson,* 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981). The status of a person who enters the land of another defines the scope of the legal duty owed to that person. *Gladon v. Greater Cleveland Reg. Transit Auth.,* 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).

{¶ 8} A customer is a business invitee. As it pertains to business invitees, an owner's duty is to keep the premises in reasonably safe condition and to warn of known dangers. *Tarpley v. Aldi, Inc.,* 2d Dist. Montgomery No. 25366, 2013-Ohio-624, ¶ 7,

citing *James v. Cincinnati,* 1st Dist. Hamilton No. C-070367, 2008-Ohio-2708, ¶ 24, and *Eicher v. U.S. Steel Corp.,* 32 Ohio St.3d 248, 512 N.E.2d 1165 (1987). Liability arises when an owner has "superior knowledge of the particular danger which caused the injury," as an "invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." *Id.*, citing *Uhl v. Thomas,* 12th Dist. Butler No. CA2008-06-131, 2009-Ohio-196, ¶ 13, and *LaCourse v. Fleitz,* 28 Ohio St.3d 209, 210, 503 N.E.2d 159 (1986). When a danger is open and obvious, a property owner owes no duty of care to individuals lawfully on the premises. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088.

{¶ 9} Consistent with these principles, municipalities and private landowners are generally not liable as a matter of law for minor defects in sidewalks and other walkways; such defects are commonly encountered, and courts have taken the view that pedestrians should expect such minor variations. *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 32-33, 646 N.E.2d 198 (2d Dist.1994), citing *Helms v. Am. Legion, Inc.,* 5 Ohio St.2d 60, 213 N.E.2d 734 (1966); *Gallagher v. Toledo*, 168 Ohio St. 508, 156 N.E.2d 466 (1959); *Kindle v. Akron*, 169 Ohio St. 373, 159 N.E.2d 764 (1959); *Kimball v. Cincinnati,* 160 Ohio St. 370, 116 N.E.2d 708 (1953); *Scheibel v. Lipton*, 156 Ohio St. 308, 102 N.E.2d 453 (1951). Ohio courts have developed a general rule that a difference in elevation between adjoining portions of a sidewalk or walkway that is two inches or less in height is insubstantial as a matter of law, and thus does not present a jury question on the issue of negligence. *Stockhauser* at 33. However, in *Cash v. Cincinnati*, 66 Ohio St.2d 319, 421 N.E.2d 1275 (1981), the supreme court clarified that the "two-inch" rule must be a flexible one, i.e., that courts must also consider any attendant circumstances

in determining liability for shallow defects in a walkway. *Cash* characterized the two-inch rule as a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law, which may be rebutted by showing attendant circumstances sufficient to render the defect substantial. *Id.; Stockhauser* at 33.

{¶ 10} "Attendant circumstances" have not been and probably cannot be precisely defined, but the term has been held to include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. "Both circumstances contributing to and those reducing the risk of the defect must be considered. The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect." *Stockhauser* at 33, citing *France v. Parliament Park Townhomes,* 2d Dist. Montgomery No. 14264, 1994 WL 151658 (Apr. 27, 1994). To render a minor defect substantial, attendant circumstances must not only be present, but must create "a greater than normal, and hence substantial, risk of injury." *Id.*, citing *Turner v. Burndale Gardens Co.,* 2d Dist. Montgomery No. 12807, 1991 WL 270662 (Dec. 18, 1991). The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the injury. *Id.,* citing *France, Turner,* and others.

{¶ 11} The liability question at issue in this case relates to the applicability of the "two-inch rule," which Long also refers to as the "trivial imperfection rule."

{¶ 12} It is undisputed that the depression or hole in the pavement that allegedly caused Long's injury was less than two inches deep. In support of the motion for summary judgment, the manager of the Speedway stated by affidavit that he investigated

the depression in the parking lot the day after the incident; he also took pictures of the area. According to his measurements, he described the depression as follows: "* * * [T]he depression in the pavement where Ms. Long claims to have sustained her injury is approximately ¾ of an inch deep at its deepest point. In some places the depression is only approximately ¼ of an inch deep. The depression is circular in shape and is approximately 10" in diameter." Long did not dispute these measurements in her deposition or in her response to the motion for summary judgment. This evidence shifted the burden to Long to show why summary judgment was not appropriate, i.e. to show attendant circumstances.

{¶ 13} Long testified in her deposition that the incident occurred on a Thursday afternoon and that it was not wet or snowy. She was looking "straight ahead" toward the front of the store when her foot entered the depression, there was no moving traffic around her, no cars were "coming across [her] field of vision," and she was not holding anything in her hands. She acknowledged these facts in her response to the renewed motion for summary judgment. However, Long argued that a "reasonable person could determine that a hole with a ten inch (10") diameter is not a minor defect and the potential of car traffic in a parking lot creates attendant circumstances."

{¶ 14} The trial court found that Speedway's evidence gave rise to the rebuttable presumption that the depth of the hole was insubstantial as a matter of law. Long argues that reasonable minds could disagree as to whether the depression at issue in this case was "trivial." However, in the absence of attendant circumstances, this question has been settled as a matter of law. *See, e.g., Cash*, 66 Ohio St.2d 319, 421 N.E.2d 1275.

{¶ 15} The cases on which Long relies relate to the presence of attendant

circumstances; none contradicts the existence of a rebuttable presumption that an owner's duty of care does not extend to minor imperfections in pavement. *See id.* (where a shallow depression extended the length of a crosswalk in a heavily pedestrian-traveled downtown section of the city and the plaintiff stated that three rows of people between her and the street obstructed her vision of much of the street in front of her as she waited for the light to change, reasonable minds could differ as to whether the defect in crosswalk was so trivial as to relieve liability); *Neura v. Goodwill Industries,* 9th Dist. Medina No. 11CA0052-M, 2012-Ohio-2351 (customer who was pushing a shopping cart fell, along with the cart, when the cart struck a concrete crack at the bottom of a ramp to the parking lot); *Thompson v. Kroger Co.*, 2d Dist. Montgomery No. 13248, 1992 WL 127708 (June 9, 1992) (where customer carried bags of groceries in each arm and, at the same time, had to contemplate vehicular and pedestrian traffic coming in all directions to one central sloped entrance and exit from a grocery store, reasonable minds could differ as to whether a depression in the pavement less than two inches deep was "substantial" and gave rise to a duty of care on the part of the store).

{¶ 16} We agree with the trial court's view that, based on the evidence presented, the two-inch rule was applicable to this case and established a presumption that the defect in the sidewalk was insubstantial. Thus, whether there was any genuine issue of material fact as to Speedway's liability turned on the existence of attendant circumstances.

{¶ 17} Long argues that attendant circumstances existed insofar as "the potential distraction of vehicle traffic" was present, although she acknowledged in her deposition that there was no traffic in the parking lot at the time of her encounter with the uneven

pavement. She cites *Neura* in support of her position. In finding that the defect was not "trivial as a matter of law," the appellate court in *Neura* stated the following with respect to the circumstances presented there:

Mrs. Neura was pushing a full shopping cart down a ramp into a parking lot. The cart obstructed her view of the ground and its weight affected her ability to control it as it went down the incline. The crack was not readily observable from a distance. Mrs. Neura was entering a parking lot, where there was the potential distraction of vehicle traffic. Furthermore, these were not circumstances unique to her as the carts were provided by [the store] and, furthermore, the crack was at the base of a ramp, which would be the expected route of egress from the store for customers using a cart.

*Neura* at ¶ 16. Although *Neura* mentioned the potential distraction of vehicle traffic in the parking lot as one factor in its analysis, it clearly was not the only factor or the primary focus of the court's conclusion that the totality of the surrounding circumstances presented a genuine issue as to the danger of the defect. Thus, *Neura* does not stand for the proposition that the potential for traffic alone is sufficient to rebut the presumption that the owner is not liable for minor defects or unevenness in pavement.

{¶ 18} Long also argues that Speedway "created the hazard" that caused her injuries, because it "was responsible for proper paving of the parking lot." In rejecting this argument, the trial court noted that Long had "not presented any summary judgment evidence that would prove as much or support the inference" that Speedway created the hazard; the court further noted that, even if it could be established that Speedway "created" the hole, liability nonetheless would not exist without proof that the defect was

a "non-trivial hazard." We agree with the trial court that Long's assertion that Speedway was liable because "a reasonable person could infer" that Speedway "created" the "hazard" was legally insufficient to establish a genuine issue of material fact as to its liability.

{¶ 19} Finally, Long asserts in her brief that the "severity of her injury" proves that "the defect was not minor or trivial." However, the existence of a duty and the existence of an injury are not intertwined; in other words, proof of an injury, however severe, does not, in itself, also establish the existence of a duty on the part of the owner of property. (Similarly, Speedway's argument that the fact that Long did not fall to the ground demonstrated that the hole was minor did not, in itself, negate a genuine issue of material fact as to Speedway's duty.)

{¶ 20} The trial court properly concluded that Long had failed to rebut the presumption and to create a genuine issue of material fact that Speedway was liable for a minor defect in the pavement of its parking lot, and thus that summary judgment in favor of Speedway was warranted.

{¶ 21} The assignment of error is overruled.

### IV. Conclusion

{¶ 22} The judgment of the trial court will be affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and FAIN, J., concur.

Copies mailed to:

Sean Brinkman
Aaron G. Durden
Brian J. Augustine
Hon. Michael L. Tucker