[Cite as *Nicoll v. Centerville City Schools*, 2018-Ohio-36.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| KIMBERLY J. NICOLL, et al. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27637 |
| | : | |
| v. | : | Trial Court Case No. 16-CV-1751 |
| | : | |
| CENTERVILLE CITY SCHOOLS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of January, 2018.

. . . . . . . . . . .

THOMAS J. MANNING, Atty. Reg. No. 0059759, P.O. Box 751484, Dayton, Ohio 45475
      Attorney for Plaintiff-Appellant

RAYMOND H. DECKER, Jr., Atty. Reg. No. 0069208, 600 Vine Street, Suite 412, Cincinnati, Ohio 45202
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Kimberly Nicoll appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to Centerville City Schools on her negligence claim.   For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} Nicoll's deposition testimony established the following facts.

{¶ 3} On March 18, 2015, Nicoll took her two daughters, ages 7 and 9, to Centerville High School for Cheer Madness, a three-day event for elementary school students involved in cheerleading.   The event is held annually in the high school gymnasium.   Nicoll and her children had attended Cheer Madness the year before, and Nicoll testified that she had been to the gym "at least three times."   (Nicoll Depo. at 39.) Nicoll and her daughters arrived at Centerville High School at approximately 6:00 p.m. Nicoll testified that the weather was sunny but cool.   She wore pants, a sweater, and hiking shoes.

{¶ 4} Upon arriving, Nicoll parked her van in a space at the front of the parking lot, with the front bumper of her vehicle near a curb and sidewalk.   To the left of her parked van was an empty accessible parking space.   Nicoll exited her van and opened the rear driver's side door for her daughters to get out.   She grabbed her daughters' hands, and "headed into the gym with about a hundred other parents and kids that were walking in at the same time."   (*Id.* at 42.)

{¶ 5} Nicoll described the circumstances of her fall, stating:

As I walked up the curb, [my older daughter] stepped on the curb first, I

stepped up second, and [my younger daughter] was behind me.   I went to

take my following step.   When I took my following step, my right leg didn't move.   It was just – I can't explain it.   It just didn't move with me, and I fell forward.

(*Id.* at 44.)   Nicoll stated that she assumed that she had stepped up with her right foot, she took a second step with her left foot, and then fell when she could not move her right foot, which was "stuck."   (*Id.* at 46.)   After the fall, Nicoll looked back at her ankle and noticed that the pavement was "cracked and broken apart."   (*Id.* at 46.)   Nicoll was initially diagnosed with a broken right ankle, but she has had continuing medical issues related to her ankle.

{¶ 6} On April 1, 2016, Nicoll filed a negligence claim against Centerville City Schools ("CCS") in the common pleas court.   Nicoll's husband, Timothy, brought a loss of consortium claim against CCS.   Nicoll's complaint also named the Ohio Tort Recovery Unit as a party-defendant, noting that the Ohio Department of Medicaid may have a subrogation claim.   CCS and the Ohio Department of Medicaid filed answers, and the parties engaged in discovery, including the taking of Nicoll's deposition.

{¶ 7} On February 8, 2017, CCS moved for summary judgment on Nicoll's negligence claim.   CCS acknowledged, for purposes of its motion, that it did not have sovereign immunity for the claim, pursuant to R.C. 2744.02(B).   It claimed, however, that the hazard was "open and obvious," negating any duty to warn to Nicoll.   Nicoll opposed the motion, claiming that whether the hazard was an open and obvious danger was a matter for the jury and that attendant circumstances – the need to focus on her children and the large crowd – diverted her attention from the curb.

{¶ 8} On May 31, 2017, the trial court granted CCS's motion for summary

judgment. The trial court concluded that the condition of the curb and sidewalk where Nicoll fell was an open and obvious hazard, and that no attendant circumstances existed. The trial court certified its decision as immediately appealable, pursuant to Civ.R. 54(B).

{¶ 9} Nicoll appeals from the trial court's judgment.

## II. Summary Judgment Standard

{¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 11} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* " '[A] non-movant's own self-serving assertions, whether made in an affidavit, deposition or interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside evidence.' " *Schlaegel v. Howell*, 2015-Ohio-4296, 42 N.E.3d 771, ¶ 23 (2d Dist.),

quoting *White v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 10AP-294, 2011-Ohio-204, ¶ 9.   Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 12} We review the trial court's ruling on a motion for summary judgment de novo.   *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial.   *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8, citing *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).

### III. Negligence Claim for Business Invitee

{¶ 13} In order to prevail on a negligence claim, "one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981); *Long v. Speedway, L.L.C.*, 2d Dist. Montgomery No. 26851, 2016-Ohio-3358, ¶ 7.   The status of a person who enters the land of another defines the scope of the legal duty owed to that person.   *Gladon v. Greater Cleveland Reg. Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).

{¶ 14} A business invitee "is one who enters another's land by invitation for a purpose that is beneficial to the owner."   *Id.*   With respect to business invitees, an owner's duty is to keep the premises in reasonably safe condition and warn of dangers that are known to the owner.   *Hill v. Mullins*, 2d Dist. Montgomery No. 27127, 2017-Ohio-1302, ¶ 14.   Liability only attaches when an owner has "superior knowledge of the

particular danger which caused the injury," as an "invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." *Uhl v. Thomas*, 12th Dist. Butler No. CA2008-06-131, 2009-Ohio-196, ¶ 13, citing *LaCourse v. Fleitz*, 28 Ohio St.3d 209, 210, 503 N.E.2d 159 (1986). It is undisputed that Nicoll was a business invitee.

**{¶ 15}** However, "if a danger is open and obvious, a property owner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 14. To be open and obvious, a hazard must not be concealed and must be discoverable by ordinary inspection. *Larrick v. J.B.T., Ltd.*, 2d Dist. Montgomery No. 21692, 2007-Ohio-1509, ¶ 11, citing *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 50-51, 566 N.E.2d 698 (5th Dist.1989). The relevant issue is not whether an individual observes the condition, but whether the condition is capable of being observed. *Id.*, citing *Lydic v. Lowe's Cos., Inc.*, 10th Dist. Franklin No. 01AP-1432, 2002-Ohio-5001, ¶ 10.

**{¶ 16}** "Attendant circumstances" may affect the applicability of the open and obvious doctrine. Attendant circumstances have not been and probably cannot be precisely defined, but the term has been held to include any distraction that would come to the attention of a person in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. *Speedway*, 2d Dist. Montgomery No. 26851, 2016-Ohio-3358, at ¶ 10. "Both circumstances contributing to and those reducing the risk of the defect must be considered. The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect." *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 33, 646 N.E.2d 198 (2d Dist.1994), citing *France v. Parliament Park Townhomes*, 2d Dist. Montgomery No.

14264, 1994 WL 151658 (Apr. 27, 1994).

**{¶ 17}** For attendant circumstances to negate the application of the open and obvious doctrine, they must not only be present, but must create "a greater than normal, and hence substantial, risk of injury." *Id.*, citing *Turner v. Burndale Gardens Co.*, 2d Dist. Montgomery No. 12807, 1991 WL 270662 (Dec. 18, 1991). The attendant circumstances must, taken together, divert the attention of the person, significantly enhance the danger of the defect, and contribute to the injury. *Id.* But attendant circumstances do not include regularly encountered, ordinary, or common circumstances. *Meyer v. Dayton*, 2016-Ohio-8080, 74 N.E.3d 921, ¶ 19 (2d Dist.), citing *Colville v. Meijer Stores Ltd. Partnership*, 2d Dist. Miami No. 2011-CA-011, 2012-Ohio-2413, ¶ 30. Also, "[a]ttendant circumstances do not include the individual's activity at the time of the fall unless the individual's attention was diverted by an unusual circumstance of the property owner's making." *Id.*, citing *McConnell v. Margello*, 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶ 17.

**{¶ 18}** In this case, Nicoll was injured when she stepped from the parking lot asphalt onto the sidewalk in front of her vehicle and the adjacent parking spaces. A photograph of the curb/sidewalk where she fell was attached to her deposition (Defendant's Exhibit 3); the photograph reflected a substantial crack in the curb, which continued across the sidewalk square, perpendicular to the parking lot.

**{¶ 19}** At the time of her fall, it was sunny and clear. Nicoll was aware that the curb was there, having parked her vehicle along the same curb where she fell; the portion of the curb at issue was located next to the driver's side of her vehicle. When asked if the curb was obstructed by her vehicle's bumper or anything, Nicole responded, "No , it

was not obstructed because I remember coming out of the car and walking up the side of the car and stepping." (Nicoll Depo. at 54.) Nicoll indicated that nothing else was obstructing the curb as she walked toward it, and she knew to step up when she reached it.

{¶ 20} Nicoll contends that the condition of the curb/sidewalk was not open and obvious, noting that she was focused on her children and that she was "not, as a matter of law, required to look constantly downward." App. Brief at 7-8, quoting *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680-681, 693 N.E.2d 271 (1998) ("This court has held that '[a] pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward * * *.' "), quoting *Grossnickle v. Germantown*, 3 Ohio St.2d 96, 209 N.E.2d 442 (1965), paragraph two of the syllabus.

{¶ 21} The question in this summary judgment decision is not whether Nicoll was herself negligent and contributed to her fall, and neither the trial court's decision nor this opinion suggests that she was. Rather, upon review of Nicoll's deposition testimony and the attached Defendant's Exhibit 3, we find no genuine issue of material fact as to whether the curb where she stepped was open and obvious. The evidentiary materials demonstrate that the curb area was not hidden or concealed, and the condition of the curb and sidewalk was readily discoverable upon ordinary inspection. Although Nicoll was not required to be constantly looking downward while she walked, the evidence presented reflects that a reasonable person would have been able to discover the hazard posed by the curb and sidewalk. *Accord Fletcher v. Wal-Mart Stores, Inc.*, 9th Dist. Lorain No. 16CA10938, 2017-Ohio-1215.

{¶ 22} Nicoll further claims that attendant circumstances, specifically her need to watch her children and the presence of a large crowd, diverted her attention from the condition of the curb and sidewalk. Although the record reflects that a large crowd attended Cheer Madness and that many parents and children were making their way to the Centerville High School gymnasium at the same time, there is nothing to suggest that the crowded environment at the school created a greater than normal risk of injury. Nicoll's injury occurred as she stepped up the curb beside her van, holding her children's hands. There was no evidence that a large group of people (or any person) was walking the same path, obstructing her view of the curb and sidewalk, or that they were engaged in specific conduct that focused her attention away from where she was walking. And assuming that her children's behavior could constitute an attendant circumstance, there was no evidence that her children were doing anything other than walking with her toward the school. In addition, Nicoll had previously been to Cheer Madness and to the Centerville High School gymnasium; she knew where to go and what to expect in terms of attendance at the event.

{¶ 23} In its brief, CCS further argues that summary judgment was appropriate, because the hazardous condition of the sidewalk was a "minor/trivial defect," which was not actionable. CCS states that defects are minor if they are less than two inches in height. The record contains no specific measurements of the width, depth, and/or length of the defect in the curb/sidewalk. And, upon review of the Defendant's Exhibit 3, it is unclear whether the defect was "minor." Regardless, in light of our conclusions that the defect was open and obvious and that no attendant circumstances existed, CCS's argument concerning minor/trivial defects is moot.

{¶ 24} In summary, the trial court did not err in concluding, as a matter of law, that the condition of curb/sidewalk was open and obvious and that the open and obvious doctrine was not negated by attendant circumstances. The trial court thus properly granted summary judgment to CCS.

## IV. Conclusion

{¶ 25} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

Thomas J. Manning
Raymond H. Decker, Jr.
Robert J. Byrne
Hon. Timothy N. O'Connell