[Cite as *Stager v. Kettering*, 2022-Ohio-4552.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| HELEN STAGER | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29525 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-920 |
| | : | |
| CITY OF KETTERING, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of December, 2022.

. . . . . . . . . . .

T. TOD MOLLAUN, Atty. Reg. No. 0072216, 124 East Third Street, Fifth Floor, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant

EDWARD J. DOWD, Atty. Reg. No. 0018681 and CHRISTOPHER T. HERMAN, Atty. Reg. No. 0076894, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
     Attorneys for Defendants-Appellees

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Helen Stager appeals from the trial court's entry of summary judgment against her on a negligence complaint against the City of Kettering.

{¶ 2} Stager sought to recover damages for injuries she sustained as a result of being pushed over a retaining wall while attending a concert on City property. The trial court found the City entitled to political-subdivision immunity under R.C. Chapter 2744.

{¶ 3} In a single assignment of error, Stager contends the general grant of immunity enjoyed by the City was abrogated by R.C. 2744.02(B)(2), which provides that "political subdivisions are liable for injury * * * caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." She also asserts that the "open-and-obvious" doctrine did not apply to her fall.

{¶ 4} For the reasons set forth below, we hold that the trial court properly entered summary judgment for the City. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 5} On August 21, 2019, Stager attended a concert at the Fraze Pavilion, an outdoor amphitheater owned and operated by the City of Kettering. The facility offered three seating areas—aluminum bleachers at the back of the venue, a lawn area in the middle, and fixed-chair seating closest to the stage. A low retaining wall divided the lawn seating from the fixed-chair seating area. Stager had attended concerts at the Fraze before. She was familiar with the retaining wall and the existence of a short drop down to the fixed-chair seating area. In fact, she had seen people hop over the wall from the grassy area to a sidewalk below. Stager also knew that there was no railing on top of the

wall. During the concert, she stood in the front of the lawn area, staying about two feet from the wall.

{¶ 6} Near the end of the concert, two female concert-goers engaged in a fight behind Stager, who felt one of them hit the back of her leg. Stager turned to see the other woman's arm coming toward her face. Stager grabbed the woman's arm. The woman responded by shoving Stager, who lost her footing and fell over the retaining wall. Both of the women involved in the fight fled the scene. As a result of the fall, Stager broke her wrist and required medical treatment.

## II. Analysis

{¶ 7} In her sole assignment of error, Stager contends the trial court erred in entering summary judgment for the City. As set forth above, she asserts that the City is not entitled to political-subdivision immunity and that the open-and-obvious doctrine does not apply.

{¶ 8} Under Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997). Appellate review of summary judgment is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162, 703 N.E.2d 841 (4th Dist.1997). "We review the judgment independently and without deference to the trial court's decision." (Citation omitted.) *Id.*

{¶ 9} With the foregoing standards in mind, we turn to the immunity issue. Determining "whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis." *Colbert v. City of Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7, citing *Greene County Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000). The first tier "is the general rule that a political subdivision is immune from liability incurred in performing either a governmental * * * [or] proprietary function." *Id.*, citing R.C. 2744.02(A)(1), and *Liming* at 556-557. The second tier "of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply." (Citation omitted.) *Id.* at ¶ 8. If the subdivision would be liable under R.C. 2744.02(B), then the third tier of the analysis requires a review of the defenses to liability found in R.C. 2744.03. *Id.* at ¶ 9.

{¶ 10} Here the parties agree that the City's operation of the Fraze Pavilion is a proprietary function. R.C. 2744.01(G)(2)(e) (stating that a proprietary function includes but is not limited to "[t]he operation and control of a public stadium, auditorium, civic or social center, exhibition hall, arts and crafts center, band or orchestra, or off-street parking facility"). This being so, the City is immune from liability for Stager's injury unless an exception to immunity applies. The only exception she cites on appeal is R.C. 2744.02(B)(2), which makes a political subdivision liable for injury caused by the negligent performance of its employees' acts with respect to a proprietary function.

{¶ 11} Stager argues that the City's employees negligently maintained the retaining wall by failing to provide protection such as a railing to prevent her fall. She also asserts that the City's employees negligently failed to warn her of the danger of falling.

Finally, she suggests that the City's employees acted negligently in determining the number and location of security guards and stewards working at the event. Therefore, she insists that immunity is abrogated by R.C. 2744.02(B)(2).

{¶ 12} Upon review, we find Stager's arguments to be unpersuasive. With regard to the retaining wall, she reasons that the facility was negligently designed insofar as the wall lacks a railing and that the City's employees failed to warn her of the danger. By her own admission, however, Stager was familiar with the wall and was aware of the drop down to the fixed-chair seating area. Thus, any danger of falling over the low retaining wall without a railing was open and obvious, and the City's employees had no duty to warn Stager of this self-evident possibility. *Meyer v. Dayton*, 2016-Ohio-8080, 74 N.E.3d 921, ¶ 22 (2d Dist.) (reasoning in a case involving political-subdivision immunity that "[i]t is possible that the condition that caused Meyer to fall is open and obvious, which would also relieve Dayton of any duty of care to Meyer").

{¶ 13} With regard to other actions of the City's employees, Stager admitted in her deposition that no City employees could have known that a fight would occur or that she would be pushed over the retaining wall. Stager also admitted not knowing whether anyone called for security during the fight before she was pushed. Due to the concert noise, Stager added that "it wouldn't have been heard" even if someone had called for security. She also admitted seeing stewards and security personnel present that night, including a woman wearing a "Fraze shirt" to her right. Finally, Stager suggested in the proceedings below that the female combatants were intoxicated and that the City's employees were negligent with regard to their intoxication. Stager has no personal

knowledge, however, as to whether the women in fact were intoxicated or whether they even consumed any alcohol at the concert.

{¶ 14} In short, we see no genuine issue of material fact as to whether any City employee negligently performed any act with respect to the proprietary function of operating the Fraze facility. In light of this determination, the City did not lose its immunity under R.C. 2744.02(B)(2), and we have no occasion to consider whether immunity might be reinstated under the third tier of the analysis.

{¶ 15} In finding the City entitled to summary judgment, we recognize Stager's argument that she held the status of an invitee rather than a licensee at the time of her injury. In its summary-judgment ruling, the trial court found that she was a licensee, meaning that the City only had a duty to refrain from willful, wanton, or reckless conduct. *Compare Honek v. Chidsey*, 2021-Ohio-3816, 182 N.E.3d 6, ¶ 25 (8th Dist.) (holding that an attendee at a free outdoor concert on city-owned property was a licensee, not an invitee). Stager insists that she was a business invitee, meaning that the City owed her a duty of ordinary care and was required not to unnecessarily and unreasonably expose her to danger.

{¶ 16} But even if we accept that Stager was an invitee, the fact remains that negligence by the City's employees must exist for political-subdivision immunity to be lost under R.C. 2744.02(B)(2). It remains equally true that "a business is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" *O'Dell v. Vrable*, 4th Dist. Gallia No. 20CA18, 2022-Ohio-

4156, ¶ 77, quoting *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203-04, 480 N.E.2d 474 (1985). Here any potential danger of falling over the railing was apparent to everyone attending the concert, including Stager, and, perhaps more importantly, the record lacks evidence that any City employee acted negligently in performing the proprietary function of operating the Fraze Pavilion.

{¶ 17} Finally, we find Stager's reliance on *Hacker v. Cincinnati*, 130 Ohio App.3d 764, 721 N.E.2d 416 (1st Dist.1998), to be unpersuasive. Addressing the second tier of the immunity analysis, the First District found a genuine issue of material fact as to whether a six-inch curb on a ramp at Riverfront Stadium presented an open and obvious danger. The First District noted that the curb was the same color as the ground surrounding it and that the plaintiff was walking in a crowd of people who may have obstructed his view. The First District consequently found a genuine issue of material fact as to whether the defendant had a duty to warn about the curb or to protect pedestrians. The *Hacker* court then proceeded to the third tier of the immunity analysis and found no defenses to liability applicable. Unlike *Hacker*, we determined above that any hazard presented by the retaining wall at the Fraze Pavilion was open and obvious as a matter of law. We also found no genuine issue of material fact as to whether any City employee acted negligently. That being so, we have no occasion to proceed to the third tier of the immunity analysis, which is the primary issue for which Stager cites *Hacker*.

{¶ 18} For the foregoing reasons, we overrule Stager's assignment of error.

### III. Conclusion

{¶ 19} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

T. Tod Mollaun
Edward J. Dowd
Christopher T. Herman
Hon. Richard S. Skelton