[Cite as *Miller v. AutoZone Stores, L.L.C.*, 2023-Ohio-1402.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| MALEA MILLER | : | |
| | : | |
| Appellant | : | C.A. No. 2022-CA-83 |
| | : | |
| v. | : | Trial Court Case No. 21-CV-304 |
| | : | |
| AUTOZONE STORES, LLC, et al. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellees | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on April 28, 2023

. . . . . . . . . .

RONALD J. MAURER, Attorney for Appellant

JOHN C. ALBERT, Attorney for Appellees

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant Malea Miller appeals from a summary judgment rendered against her on her claims for injuries resulting from a slip and fall in the parking lot of defendant-appellee AutoZone Stores, LLC ("AutoZone"). For the reasons set forth below, the judgment of the trial court is affirmed.

## I.  Facts and Procedural Background

{¶ 2} On January 14, 2021, Miller was a passenger in a vehicle operated by her friend, Linda Crabtree, as the two women traveled to an AutoZone store on Derr Road in Springfield.   Crabtree pulled into a parking space located directly in front of the store. She stopped her car prior to reaching a concrete barrier designed to stop the forward progress of a vehicle's front tires.   The barrier, referred to herein as a "parking stop," was in front of the sidewalk that runs along the front of the store and its entrance.   After parking in front of the store, the women exited the vehicle and began to walk toward the store.   At that point, Miller fell to the ground and sustained serious injuries.   No one observed the fall.   However, witnesses observed Miller lying with her torso in the space between the parking stop and the entrance sidewalk.   Miller's feet were situated over the parking stop.   After the fall, Miller observed the parking stop and identified it as the cause of her fall.

{¶ 3} In October 2021, Miller filed this negligence action against AutoZone. Following discovery, AutoZone filed a motion for summary judgment, arguing that the parking stop had been an open and obvious condition which obviated any need to warn Miller of the parking stop.   The trial court agreed with AutoZone and rendered summary judgment against Miller.   Miller appeals.

## II.  Summary Judgment

{¶ 4} Miller asserts the following as her sole assignment of error:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD, AS A MATTER OF LAW, THAT THE HAZARD COMPLAINED OF WAS "OPEN AND OBVIOUS" WHEN REASONABLE MINDS COULD DIFFER OVER THE NATURE OF THE HAZARD DUE TO THE COLOR OF THE HAZARD, THE BACKGROUND AND OTHER ATTENDANT HAZARDS.

{¶ 5} Miller contends that the trial court erred by rendering summary judgment against her. In support, she claims that the parking stop was not an open and obvious hazard because it was the same color as the parking space. She further claims that she demonstrated the existence of attendant circumstances.

{¶ 6} Our review of a trial court's decision to grant summary judgment is de novo. *Stager v. Kettering*, 2d Dist. Montgomery No. 29525, 2022-Ohio-4552, ¶ 8, citing *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162, 703 N.E.2d 841 (4th Dist.1997). Civ.R. 56(C) provides that summary judgment may be granted when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

{¶ 7} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that genuine issues of material fact exist as to whether (1) the defendant owed a duty of care, (2) the defendant breached this duty, and (3) the breach

was the proximate cause of plaintiff's injury causing damage. *Okacha v. Valentour Edn. Sys., Inc.*, 2d Dist. Montgomery No. 24982, 2012-Ohio-4625, ¶ 13. If any of these elements is absent, a negligence claim must fail as a matter of law. *A.M. v. Miami Univ.*, 2017-Ohio-8586, 88 N.E.3d 1013, ¶ 32 (10th Dist.).

{¶ 8} There is no dispute in this case that Miller was a business invitee of AutoZone. Therefore, AutoZone owed her a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition and to warn of any known dangers. *Nicoll v. Centerville City Schools*, 2018-Ohio-36, 102 N.E.3d 1212, ¶ 14 (2d Dist.). However, a store owner is under no duty to protect business invitees from dangers that are known to such invitee or are so open and obvious that she may reasonably be expected to discover them and protect herself against them. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5. To be open and obvious, a hazard must not be concealed and must be discoverable by ordinary inspection. *Larrick v. J.B.T., Ltd.*, 2d Dist. Montgomery No. 21692, 2007-Ohio-1509, ¶ 11. "The rationale underlying this doctrine is 'that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' " *Armstrong* at ¶ 5. The relevant issue is not whether the invitee observes the condition, but whether the condition is capable of being observed. *Lydic v. Lowe's Cos., Inc.*, 10th Dist. Franklin No. 01AP-1432, 2002-Ohio-5001, ¶ 10. The open and obvious doctrine concerns the first element of negligence, whether a duty exists. *Armstrong* at ¶ 8. If applicable, the open and obvious doctrine "obviates the duty

to warn and acts as a complete bar to any negligence claims." *Id.* at ¶ 5.

{¶ 9} Whether a hazard is open and obvious "depends heavily on the particular facts of the case" and "may involve a genuine issue of material fact, which a trier of fact must resolve." (Citation omitted.) *Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶ 13 (2d Dist.). However, unless the record reveals a genuine issue of material fact as to whether the danger was free from obstruction and readily appreciable by an ordinary person, it is appropriate to find that the hazard is open and obvious as a matter of law for purposes of summary judgment. *Freiburger v. Four Seasons Golf Ctr., L.L.C.*, 10th Dist. Franklin No. 06AP-765, 2007-Ohio-2871, ¶ 11.

{¶ 10} In this case, Miller argues the parking stop at issue was not open and obvious because it was the same color as the surface of the parking lot. We disagree.

{¶ 11} In her deposition, Miller testified that she was accustomed to parking her car in parking lots, that she knew what parking stops looked like, and that she knew their function was to stop a vehicle's tires' forward progress. Miller also testified that she had been to AutoZone on two prior occasions. She testified that Crabtree did not pull her vehicle all the way up to the parking stop because the front bumper of Crabtree's car was low to the ground and Crabtree did not want the bumper to hit the stop. Crabtree also testified by deposition and stated that she had pulled into the parking space "kind of far back from where the stop is" so she did not hit it with her car. Crabtree Depo. P. 17.

{¶ 12} Miller testified that she did not look down toward the ground at any time before she fell. However, she did not testify that the parking stop was hidden or not observable by ordinary inspection. Instead, she testified that she was able to observe

the parking stop after she fell, and she admitted that the parking stop extended 12 inches beyond the passenger side edge of Crabtree's vehicle. It was daylight and there was no precipitation at the time of the fall. Thus, there was no evidence that the parking stop was obscured by the vehicle, darkness, or inclement weather. Importantly, uncontroverted photographic evidence in this case showed that the parking stop was observable and not hidden or concealed from view. While it was a concrete color like the parking surface, the stop was clearly observable even in a photograph which appeared to have been taken in low light.

**{¶ 13}** "While the average person cannot be expected to spend all his or her time looking down while walking, a reasonable person can be expected to take note of an object obstructing his or her path which is of the dimensions of the concrete [parking] barrier here." *Mullins v. Darby Homes*, 10th Dist. Franklin No. 98AP-1616, 1999 WL 536641, *2 (July 27, 1999). *See also Haymond v. BP Am.*, 8th Dist. Cuyahoga No. 86733, 2006-Ohio-2732, ¶ 18 ("A reasonable person can be expected to take note of an object obstructing her path that is of the dimension of a common parking barrier."); *Esterman v. Speedway, L.L.C.*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, ¶ 14 ("Although the concrete parking barrier was the same color as the parking lot * * *, parking barriers situated directly in front of a storefront, such as the one stumbled on by [the plaintiff], are safety measures regularly encountered by business invitees.").

**{¶ 14}** On this record, the trial court reasonably concluded that the parking stop was free from obstruction and readily observable. Thus, barring attendant circumstances, the parking stop in this case was open and obvious as a matter of law.

{¶ 15} We now turn to Miller's arguments regarding attendant circumstances. "[A]ttendant circumstances can create an exception to the open-and-obvious doctrine." *Johnson v. Am. Italian Golf Assn. of Columbus*, 2018-Ohio-2100, 113 N.E.3d 1144, ¶ 20 (10th Dist.). "Even when a plaintiff admits not seeing an obstacle because he or she never looked down, a jury question may arise if attendant circumstances distracted him or her." *Cooper v. Meijer Stores Ltd. Partnership*, 10th Dist. Franklin No. 07AP-201, 2007-Ohio-6086, ¶ 14. "An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party." *Id.* at ¶ 15, citing *Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 158, 684 N.E.2d 1273 (7th Dist.1996). An attendant circumstance must be a distraction that diverts the invitee's attention and cannot include "regularly encountered, ordinary, or common circumstances." (Citation omitted.) *Colville v. Meijer Stores, Ltd.*, 2d Dist. Miami No. 2011-CA-011, 2012-Ohio-2413, ¶ 30.

{¶ 16} Miller notes that there are red pillars located on the sidewalk directly adjacent to the AutoZone entrance. She claims the pillars constituted attendant circumstances because the "bright red painted cylinder poles that sit atop the actual curb draws [sic] attention away from any hazard just past the car's tires and redirects [sic] it to a hazard that is further in front of the car." She claims the pillars not only drew attention away from the hazard of a parking stop, but "could make [someone] believe" there was no hazard until one reached the cylinder-lined curb next to the building.

{¶ 17} However, the portion of Miller's deposition testimony that is included in the record does not contain any mention of the red pillars as a distraction. Indeed, Miller specifically testified that she had not been distracted as she walked toward the store.

Thus, there was no factual basis upon which to conclude that an attendant circumstance contributed to the fall.

{¶ 18} Based upon this record, one can only conclude that the portion of the parking stop over which Miller tripped was an open and obvious condition and that no attendant circumstances applied to create a genuine issue of material fact on this issue. Accordingly, Miller's sole assignment of error is overruled.

### III.　Conclusion

{¶ 19} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.